IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  06-CR-00187-REB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JASON JEROME JENKINS,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

        This matter was before the court for detention hearing on September 19, 2006. The court has taken judicial notice of the court's file and the pretrial services report.  The defendant is not contesting detention.  The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

        In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

        If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

        The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

        (1)        [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

        (2)        the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

    (A)     the person's character, physical and mental condition, family ties,
            employment, financial resources, length of residence in the community,
            community ties, past conduct, history relating to drug or alcohol abuse,
            criminal history, and record concerning appearance at court
            proceedings; and

    (B)     whether at the time of the current offense or arrest, the person was on
            probation, on parole, or on other release pending trial, sentencing,
            appeal, or completion of sentence for an offense under Federal, State or
            local law; and

(4)     the nature and seriousness of the danger to any person or the community that
        would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment in count 1 with Robbery Affecting Commerce in violation of 18 U.S.C. § 1951(a) and in count 2 with Use, Carry, and Brandish of a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c).

Second, I find that probable cause exists that the defendant committed the charged offenses based upon the Indictment.

Third, I find that defendant is not contesting detention.  Moreover, that a rebuttable presumption of detention exists in this case based upon this court's finding of probable cause as to the above offenses and that the defendant has failed to produce evidence to rebut this presumption.

Fourth, I find that defendant has one prior failure to appear.  Defendant's driver's license is revoked.  Defendant has self-reported a history of illicit drug use.  Defendant has self-reported a history of mental health problems and has previously refused to receive psychotropic medication.  Defendant is absent without leave from the Army and from Fort Carson.  Defendant has suffered convictions for Third Degree Assault and Driving While Ability Impaired.  The nature and circumstance of this case involves a crime of violence and defendant having possession of a firearm which was being brandished.

 Based upon these facts, I find, by clear and convincing evidence, that defendant is a flight risk and a danger to the community and that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community.  Accordingly, I order Defendant detained without bond.

Done this 19th day of September 2006.

BY THE COURT

S/ Michael J. Watanabe
_____
Michael J. Watanabe
U.S. Magistrate Judge